UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POWER THE FUTURE<br>611 Pennsylvania Avenue, SE<br>Suite No. 183<br>Washington, DC 20003<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION<br>1401 Constitution Avenue, N.W.<br>Washington, D.C. 20230<br><br>Defendant. | Case No. 1:26-cv-3313 |

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff Power the Future ("PTF") brings this action against Defendant National Oceanic and Atmospheric Administration ("NOAA"). PTF alleges as follows:

1. This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. PTF seeks declaratory and injunctive relief requiring NOAA to process four FOIA requests and produce all responsive, nonexempt agency records.

2. NOAA received the requests between July 23 and August 13, 2026. It acknowledged each request and assigned each a tracking number. It has not made a determination on any request or produced any responsive records.

3. NOAA's complete failure to make the determinations FOIA requires warrants a court-supervised processing and production schedule.

## PARTIES

4. PTF is a nonprofit organization incorporated in Delaware. It informs the public about energy and environmental policy and government activity bearing on those issues.

5. NOAA is a bureau of the United States Department of Commerce, an executive department, and is an agency within FOIA's meaning. 5 U.S.C. §§ 551(1), 552(f)(1). NOAA possesses and controls records responsive to PTF's requests.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper because FOIA permits suit in the District of Columbia. § 552(a)(4)(B).

8. PTF has constructively exhausted its administrative remedies, or alternatively is not under any obligation to further pursue such remedies, because NOAA did not make timely determinations on the requests. § 552(a)(6)(C)(i); *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 190 (D.C. Cir. 2013) ("*CREW*").

## PLAINTIFF'S FOIA REQUESTS

9. On July 23, 2026, PTF submitted through NOAA's online FOIA portal a request for correspondence of two NOAA scientists: David R. Easterling, formerly Director of the National Climate Assessment Technical Support Unit at NOAA's National Centers for Environmental Information ("NCEI") in Asheville, North Carolina, and Zachary M. Labe, formerly Research Physical Scientist at NOAA's Geophysical Fluid Dynamics Laboratory ("GFDL") in Princeton, New Jersey. The

request sought correspondence sent or received from January 20, 2021, through January 30, 2023, containing at least one term from each of two short lists of specified terms.

10. NOAA acknowledged the July 23 request the same day and assigned it request number DOC-NOAA-2026-001946. The same day, NOAA invoked the unusual-circumstances extension and extended its response, making its new deadline September 3, 2026. § 552(a)(6)(B)(i).

11. On August 12, 2026, PTF submitted a second request for records of Dr. Easterling. The request sought presentations, spreadsheets, calendar entries, meeting invitations, meeting agendas, and meeting minutes dated from November 1, 2014, through December 31, 2015, containing specified search terms. It also sought his correspondence from November 1, 2014, through December 31, 2015, that included at least one non-.gov email address and at least two specified terms, and his correspondence from January 1, 2016, through December 31, 2018, containing at least one specified term and at least one of eight specified email addresses of then-officials of California state government agencies.

12. NOAA acknowledged the August 12 request on that same day and assigned it request number DOC-NOAA-2026-002006.

13. Also on August 12, 2026, PTF submitted a third request for correspondence of Dr. Easterling and Dr. Labe sent or received from January 31, 2023, through the date of each custodian's separation from NOAA. Responsive correspondence had to contain at least two of fifteen specified terms.

14. NOAA acknowledged the second August 12 request on the same day and assigned it request number DOC-NOAA-2026-002007.

15. On August 13, 2026, PTF submitted a fourth request for records of Kenneth E. Kunkel, Lead Scientist for the National Climate Assessment Technical Support Unit at NCEI, sent or received on any NOAA email system or account assigned to him. The request sought presentations, spreadsheets, calendar entries, meeting invitations, meeting agendas, and meeting minutes dated from November 1, 2014, through December 31, 2015, containing specified search terms. It also sought his correspondence from November 1, 2014, through December 31, 2015, that included at least one non-.gov email address and at least two specified terms, and his correspondence from January 1, 2015, through December 31, 2018, containing at least one specified term and at least one of eight specified email addresses of then-officials of California state government agencies.

16. NOAA acknowledged the August 13 request on the same day and assigned it request number DOC-NOAA-2026-002013.

17. Apart from those acknowledgments, fee-waiver grants, and the single extension notice, PTF has received no response to any request. NOAA has not sought clarification, made a determination, or produced responsive records.

18. The requested records are expected to document NOAA's role in advancing the "representative concentration pathway" scenario known as RCP 8.5, which was used in federal climate policy before ultimately being abandoned and discredited.

19. PTF seeks the records to inform the public about NOAA's conduct and the basis for federal climate policy.

20. FOIA required NOAA to determine within 20 working days whether it would comply with each request and to state the reasons for its determination. § 552(a)(6)(A)(i).

21. A timely determination requires more than an acknowledgment. The agency must gather and review the records, identify what it will produce and withhold, explain any withholding, and notify the requester of its appeal rights. *CREW*, 711 F.3d at 188.

22. The determinations were due by August 20, September 10, September 10, and September 11, 2026, respectively. § 552(a)(6)(A)(i). NOAA's unusual-circumstances notice on the first request extended that deadline by no more than ten working days, to September 3, 2026. § 552(a)(6)(B)(i). NOAA invoked no extension on the other three requests.

23. NOAA has not stated whether it will comply with any request. It has not identified the records it will produce or withhold, explained any withholding, or notified PTF of appeal rights. *CREW*, 711 F.3d at 188.

24. FOIA authorizes this Court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." § 552(a)(4)(B). The Court may use its equitable powers "to require the agency to process documents according to a court-imposed timeline." *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014). NOAA's failure to make any determination warrants judicial supervision.

## COUNT I
## VIOLATIONS OF THE FREEDOM OF INFORMATION ACT

25. PTF incorporates the preceding allegations.

26. PTF submitted four FOIA requests that reasonably described the records sought. NOAA accepted each request through its online portal and assigned each a tracking number.

27. NOAA violated FOIA by failing to make timely determinations and by withholding responsive agency records. §§ 552(a)(3)(A), (a)(6)(A)(i).

28. PTF has constructively exhausted its administrative remedies. § 552(a)(6)(C)(i); *CREW*, 711 F.3d at 190.

29. PTF is entitled to declaratory and injunctive relief under § 552(a)(4)(B).

## PRAYER FOR RELIEF

Power the Future respectfully requests that the Court:

A. Retain jurisdiction until NOAA complies with FOIA and the Court's orders;

B. Declare that NOAA violated FOIA by failing to make timely determinations and by withholding responsive agency records;

C. Declare that NOAA must disclose all nonexempt agency records responsive to the four requests;

D. Order NOAA to conduct adequate searches and produce all nonexempt responsive records according to a schedule containing dates certain, with periodic status reports until production is complete;

E. Award PTF reasonable attorney fees and costs under § 552(a)(4)(E); and

F. Grant any other just and proper relief.

Dated: September 23, 2026

POWER THE FUTURE
By Counsel:

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com