UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

POWER THE FUTURE,

Plaintiff,

v.

NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION,

Defendant.

Civil Action No. 26-3313 (TNM)

**ANSWER**

Defendant National Oceanic and Atmospheric Administration ("NOAA"), by and through undersigned counsel, respectfully submits this Answer to the Complaint filed by Power the Future ("Plaintiff") in this Freedom of Information Act ("FOIA") case. *See* EFC No. 1.

Defendant expressly denies any allegations in the Complaint that are not specifically admitted to or otherwise qualified in this Answer. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant responds to the Complaint in like numbered paragraphs as follows:

1. Paragraph 1 consists of Plaintiff's characterization of its case, to which no response is deemed required; to the extent a response is deemed required, Defendant admits that Plaintiff purports to bring this action under FOIA.

2. Defendant admits the allegations in the first two sentences of Paragraph 2. For the third sentence, Defendant admits that, as of the date Plaintiff filed its Complaint, it has not made a final determination on Plaintiff's FOIA requests.

3. Paragraph 3 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of the FOIA.

**PARTIES[1]**

4. Paragraph 4 consists of Plaintiff's characterization of itself, about which Defendant lacks sufficient knowledge or information as to the truth of the allegations.

5. Defendant avers that it is a federal agency subject to the FOIA, and avers that it is an operating unit within the U.S. Department of Commerce. The remaining allegations in Paragraph 5 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of the FOIA.

**JURISDICTION AND VENUE**

6. Paragraph 6 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that the Court has jurisdiction subject to the terms, conditions, and limitations of FOIA.

7. Paragraph 7 consists of legal conclusions, to which no response is required.To the extent a response is required, Defendant admits that venue in this Court is proper for actions brought under FOIA.

[1] For ease of reference, Defendant has replicated the headings contained in the Complaint. Although Defendant believes that no response is required to such headings (FED. R. CIV. P. 10(b)), to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

8. Paragraph 8 consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies any violation of FOIA.

**PLAINTIFF'S FOIA REQUESTS**

9. Defendant admits that on July 23, 2026, it received a FOIA request from Plaintiff. The remaining allegations in Paragraph 9 consist of Plaintiff's characterization of its July 23, 2026, FOIA request. Defendant respectfully refers the Court to Plaintiff's July 23 request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the request.

10. Defendant admits that it acknowledged receipt of Plaintiff's July 23, 2026, request on July 23, 2026, and assigned it tracking number DOC-NOAA-2026-001946. The remaining allegations in Paragraph 10 consist of Plaintiff's characterization of that communication. Defendant respectfully refers the Court to the July 23, 2026 communication for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

11. Defendant admits that Plaintiff submitted a FOIA request to it on August 12, 2026. The remaining allegations in Paragraph 11 purport to characterize Plaintiff's FOIA request. Defendant respectfully refers the Court to Plaintiff's August 12 request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the request.

12. Defendant admits that it sent Plaintiff an acknowledgement of its August 12, 2026, FOIA request on the same date and assigned it tracking number DOC-NOAA-2026-002006.

13. Defendant admits that on August 12, 2026, it received a second FOIA request from Plaintiff. The remaining allegations in Paragraph 13 consist of Plaintiff's characterization of its second August 12, 2026, FOIA Request. Defendant respectfully refers the Court to Plaintiff's

second August 12, 2026, request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

14. Defendant admits that it sent Plaintiff an acknowledgement for its second August 12, 2026, FOIA request on the same date and assigned it tracking number DOC-NOAA-2026-002007.

15. Defendant admits that on August 13, 2026, it received a FOIA request from Plaintiff. The remaining allegations in Paragraph 15 consist of Plaintiff's characterization of its August 13, 2026, FOIA Request. Defendant respectfully refers the Court to Plaintiff's August 13, 2026, request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

16. Defendant admits that it sent Plaintiff an acknowledgement for its August 13, 2026, FOIA request on the same date and assigned it tracking number DOC-NOAA-2026-002013.

17. Defendant admits that, as of the date of filing, it has not made a final determination on Plaintiff's FOIA requests. Defendant otherwise denies the allegations in Paragraph 17. Defendant avers that it informed Plaintiff via email on August 5, 2026, that Defendant would respond to Request No. DOC-NOAA-2026-001946 request under the tracking number of a similar FOIA request Plaintiff submitted to Defendant on July 21, 2026, DOC-NOAA-2026-001935. *See* 15 C.F.R. § 4.11(h). Defendant further avers that, on August 25, 2026, Defendant sent Plaintiff a final response letter under tracking number DOC-NOAA-2026-001935, stating that it identified no responsive documents pursuant to its search, and closed the request. On October 21, 2026, NOAA reran the search and identified potentially responsive documents, and it will reopen the request in the near future.

18. Paragraph 18 consists of Plaintiff's characterization of its FOIA requests. Defendant respectfully refers the Court to Plaintiff's four FOIA requests for a complete and accurate statement of their contents and denies any allegations inconsistent therewith. Further responding, the claims in Paragraph 18 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure 12(f).

19. Paragraph 19 consists of Plaintiff's characterization of its FOIA requests. Defendant respectfully refers the Court to Plaintiff's four FOIA requests for a complete and accurate statement of their contents and denies any allegations inconsistent therewith. Further responding, the claims in Paragraph 18 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure 12(f).

20. The allegations in Paragraph 20 are legal conclusions, to which no response is deemed required; to the extent a response is required, Defendant denies it violated FOIA.

21. Paragraph 21 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of the FOIA.

22. The first two sentences of Paragraph 22 consist of legal conclusions, to which no response is required. For the third sentence, Defendant admits that it invoked an unusual circumstances extension for Request No. DOC-NOAA-2026-001946, and not for Plaintiff's three other FOIA requests.

23. Defendant denies the first sentence of Paragraph 23. Defendant admits that, as of the date Plaintiff filed its Complaint, it has not made a final determination on Plaintiff's FOIA

requests. The remaining allegations in Paragraph 23 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of FOIA.

24. Paragraph 24 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of FOIA.

**<u>COUNT I</u>**
**VIOLATIONS OF THE FREEDOM OF INFORMATION ACT**

25. Defendant realleges and incorporates by reference its responses to Paragraphs 1–24 as if fully set forth herein.

26. Defendant admits that Plaintiff submitted four FOIA requests to Defendant and Defendant assigned each FOIA request a tracking number. The remaining allegations in Paragraph 26 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of FOIA.

27. The allegations in Paragraph 27 are legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of FOIA.

28. The allegations in Paragraph 28 are legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and denies any violation of FOIA.

29. The allegations in Paragraph 29 are legal conclusions regarding relief, to which no response is required. To the extent a request is deemed required, Defendant denies the allegations and denies that Plaintiff is entitled to the relief requested.

**PRAYER FOR RELIEF**

The remaining paragraphs in the Complaint set forth Plaintiff's requested relief, to which no response is deemed required; to the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested. Further, to the extent these paragraphs are deemed to contain factual allegations, Defendant denies those allegations. Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant denies allegations in the Complaint not specifically admitted to herein.

**AFFIRMATIVE AND OTHER DEFENSES**

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant throughout the course of litigation.

**FIRST DEFENSE**

The Court lacks subject matter jurisdiction to award relief that exceeds the relief authorized by FOIA. *See* 5 U.S.C. § 552.

**SECOND DEFENSE**

Plaintiff is not entitled to injunctive or declaratory relief. 5 U.S.C. § 552(a)(4)(B).

**THIRD DEFENSE**

Plaintiff is not entitled to compel the production of any record or portions thereof protected from disclosure by one or more exemptions or exclusions enumerated in the FOIA, 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

**FOURTH DEFENSE**

Plaintiff is not entitled to compel the production of any record or portions thereof protected from disclosure by one or more exemptions or exclusions enumerated in the FOIA, 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

**FIFTH DEFENSE**

Plaintiff is neither eligible for, nor entitled to, attorneys' fees or costs.

Dated: October 26, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Rashad Hussain*
RASHAD HUSSAIN, D.C. Bar #985178
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7725
Rashad.Hussain@usdoj.gov

*Attorneys for the United States of America*